# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BENNIE DAVID GUY PETITIONER

v. NO. 5:11CV00233 JMM/HDY

RAY HOBBS, Director of the Arkansas Department of Correction RESPONDENT

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge James M. Moody. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

PRIOR STATE AND FEDERAL COURT PROCEEDINGS. The record reflects that in August of 1996, petitioner Bennie David Guy ("Guy") pleaded guilty to two separate criminal offenses in two different Arkansas counties.[1] Specifically, on August 5, 1996, he pleaded guilty in Crittenden County, Arkansas, Circuit Court to raping an eleven-year-old girl at his home in Crittenden County; on August 28, 1996, he pleaded guilty in St. Francis County, Arkansas, Circuit Court to attempting to rape the same young girl in a motel room in St. Francis County. He was sentenced to terms of imprisonment in the custody of respondent Ray Hobbs ("Hobbs").

Guy subsequently attempted to withdraw his guilty plea to the Crittenden County rape.[2] When his attempts proved unsuccessful in state court, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 in the United States District Court for the Eastern District of Arkansas and challenged both guilty pleas. See Guy v. Hobbs, 5:03CV00466 JMM.[3] In the petition, he alleged the following:

---

1 A thorough outline of the events giving rise to Guy's guilty pleas can be found in the Proposed Findings and Recommended Disposition prepared by United States Magistrate Judge Jerry W. Cavaneau in Guy v. Hobbs, 5:03CV00466 JMM. See Document 10, Exhibit E.

2 Judge Cavaneau found, and United States District Judge James M. Moody adopted the finding, that "[t]here is no evidence or allegation that [Guy] ever sought any state post-conviction relief regarding the St. Francis County attempted rape conviction or made any attempt to set aside that guilty plea." See Document 10, Exhibit E at 7, and Exhibit E at 28.

3 Judge Cavaneau found, and Judge Moody adopted the finding, that Guy challenged both guilty pleas in his petition. See Document 10, Exhibit E at 2, note 1, and Exhibit E at 28.

1) his convictions were obtained by the unconstitutional failure of the prosecution to disclose to him the results of a DNA test which were favorable to him;

2) his convictions were obtained by use of a "coerced confession" in that he pleaded guilty only after his attorney and the prosecutor threatened to take his children away and told him he would get life imprisonment if he went to trial; and

3) his attorney was ineffective for failing to inform him of the favorable DNA test results.

See Document 10, Exhibit E at 8.[4] United States Magistrate Judge Jerry W. Cavaneau found, however, that Guy's petition was filed outside the one-year limitations period and the period was not extended or tolled under any statutory provision or equitable principle. Judge Cavaneau therefore recommended that Guy's petition be dismissed as untimely. United States District Judge James M. Moody adopted Judge Cavaneau's recommendation and dismissed Guy's petition in January of 2006. Judge Moody denied Guy's subsequent request for a certificate of appealability, as did the Court of Appeals.

THE PETITION AT BAR. In September of 2011, Guy filed the petition at bar pursuant to 28 U.S.C. 2254 and again challenged both guilty pleas. See Guy v. Hobbs, 5:11CV00233 JMM. In the petition, he alleged the following:

---

4 Hobbs construed Guy's petition to also include the assertion that "[a] DNA report from the Federal Bureau of Investigation Laboratory proved his innocence." See Document 10 at 2.

1) he is actually innocent of the offenses because of newly discovered evidence in the form of DNA testing;

2) the state courts mis-construed the Arkansas DNA testing statute;

3) his attorney was ineffective for a number of reasons, including counsel's failure to inform Guy of the favorable DNA test results;

4) he was coerced into pleading guilty; and

5) a Fourth Amendment claim/Brady violation claim/miscarriage of justice claim.

See Document 2 at 5-12.

Hobbs responded to the petition by filing the pending motion to dismiss. See Document 9. He maintained in the motion that the petition at bar is a successive petition and Guy did not first seek permission from the Court of Appeals to file the petition. Hobbs therefore maintained that the petition should be dismissed.

Before giving serious consideration to Hobbs' assertion, the undersigned invited Guy to file a response. He accepted the invitation by filing a response. In his response, he noted that he had filed, and was awaiting a ruling on, a petition with the Court of Appeals for authorization to file a successive habeas corpus petition in the district court. See Guy v. Hobbs, 11-3243 (8th Cir.). In the appellate court petition, he sought authorization to again challenge his guilty pleas by means of a petition pursuant to 28 U.S.C. 2254. Upon learning of the appellate court petition, the undersigned found it best to simply hold Hobbs' motion in abeyance pending a ruling on Guy's petition.

On November 23, 2011, the Court of Appeals denied Guy's petition for authorization to file a successive habeas corpus petition in the district court. See Document 18, Exhibit B. Hobbs thereafter filed the pending renewed motion to dismiss. See Document 17. He maintained that because the Court of Appeals has now denied Guy's petition for authorization to file a successive habeas corpus petition, the district court is without jurisdiction to consider the petition at bar.

The filing of a successive habeas corpus petition is governed by 28 U.S.C. 2244(b). It provides, in part, that "[b]efore a second or successive [petition] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]."

Guy complied with the requirements of 28 U.S.C. 2244(b) by filing a petition with the Court of Appeals for an order authorizing the district court to consider his petition challenging both guilty pleas. His petition for authorization, though, was denied. For that reason, the undersigned need not await his response to Hobbs' renewed motion, or consider whether the petition at bar falls within any of the exceptions to the rule requiring the approval of the Court of Appeals, or consider whether the petition should be accorded some other treatment.[5] Guy's petition should be dismissed.

---

5 Although there are exceptions to the rule requiring the approval of the Court of Appeals, e.g., approval is not required when a prior petition was dismissed for failure to exhaust, the exceptions are not applicable when a petition for authorization has been denied. In addition, in Bates v. Norris, 2006 WL 3741925 (E.D.Ark. December 18, 2006), United States District Judge William R. Wilson, Jr., chose not to dismiss a petitioner's successive petition but instead ordered the petition be construed as a motion to proceed with a successive petition and be transferred to the Court of Appeals. Neal's petition should not be accorded such treatment as the Court of Appeals has now denied his petition for authorization.

RECOMMENDATION. Because the Court of Appeals has now denied Guy's petition for authorization to file a successive habeas corpus petition in the district court, the undersigned recommends that Hobbs' motion to dismiss and his renewed motion to dismiss be granted and the petition at bar be dismissed. All requested relief should be denied, a certificate of appealability should be denied, and judgment should be entered for Hobbs.

DATED this __30____ day of November, 2011.

_______________________________
UNITED STATES MAGISTRATE JUDGE